UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS, Ph.D, P.E.,            Case No. 10-10660
an individual,            Hon. Paul D. Borman
           Magistrate Virginia M. Morgan

    Plaintiff,

vs.

SIGMA-ALDRICH CORPORATION,
a Delaware corporation,
AFFYMETRIX, INC., a Delaware corporation,
successor to USB CORPORATION,
LIFE TECHNOLOGIES CORPORATION, a Delaware corporation,
successor to APPLIED BIOSYSTEMS INC.,

    Defendants.
_____/

**PLAINTIFF HAROLD JOSEPHS' RESPONSE TO DEFENDANT SIGMA-ALDRICH'S MOTION TO STAY PROCEEDINGS PENDING A RULING ON THE MOTION TO (1) STRIKE THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO SEVER AND (2) TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404**

**This Court Should Not Issue a Stay While Defendant's Motion to Transfer is Pending**

Defendant Sigma-Aldrich Corporation ("Sigma-Aldrich") is simply attempting to unnecessarily delay this litigation by moving to stay this case during the pendency of its contemporaneously filed motion to transfer. Defendant offers no specific cost-saving or judicial resource that would be conserved by staying this case. In fact, regardless of where this case is adjudicated, Plaintiff is entitled to discovery and to a prompt resolution of the issues presented. The simple issue for this Court is whether anything is gained by precluding Plaintiff from initiating discovery at this time. The answer is "no."

When considering a motion to stay, there are three factors that the court should weigh: 1) conserving judicial resources and avoiding duplicative litigation; 2) hardship and inequity to the moving party if the action is not stayed; and 3) potential prejudice to the nonmoving party. *Falk v. General Motors Corp.*, 2007 WL 3101649 * 2 (N.D. Cal. Oct. 22, 2007). These three factors militate against issuing a stay. Any progress that occurs in this case would not need to be duplicated in the unlikely event the case is transferred[1] if the case is permitted to proceed consistent with the Federal Rules in this District. No additional judicial resources will be expended if a stay is not issued. Defendant makes the bald assertion that judicial resources will be conserved, but does not explain how this Court will duplicate any work by not issuing a stay. Moreover, Defendant has not demonstrated how it will suffer any hardship or inequity if a stay is not issued. Discovery will need to be conducted regardless of whether Defendant's transfer motion is granted. By staying proceedings, this Court will simply delay the start of discovery and the orderly progress of the proceeding, nothing more. If anything, a stay will only operate to prejudice Plaintiff, because the resultant delay has the potential to diminish witnesses' availability and memory of the relevant facts. *Krueger Intern., Inc. v. Federal Ins. Co.*, 647 F.Supp.2d 1024, 1042 (E.D.Wis. 2009) (holding that to stay will "delay the plaintiff's case and risk prejudice as memories fade and potential evidence is lost.")

## CONCLUSION

For the foregoing reasons, Defendant's motion to stay should be denied.

---

[1] See Plaintiff's Response to Defendant Sigma-Aldrich Corporation's Motion to (1) Strike the First Amended Complaint, or in the Alternative, to Sever and (2) Transfer Venue Pursuant to 28 U.S.C. §1404, being filed simultaneously herewith.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

*/s/ Lisa Rycus Mikalonis (P39485)*
Andrew J. Kochanowski (P55117)
Kevin J. Stoops (P64371)
Henri O. Harmon (P70151)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

Dated:  April 29, 2010

### PROOF OF SERVICE

I certify that on April 29, 2010, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Carolyn Bell Harbin, Robert C.J. Tuttle, Herschel P. Fink, Stephen C. Holmes and David M. Hayes.

I certify that on April 29, 2010, I served the foregoing paper via electronic mail upon the following non-ECF participants:

Robert W. Unikel
HOWREY, LLP
unikelr@howrey.com

*/s/ Lisa Rycus Mikalonis (P39485)*
Sommers Schwartz, P.C.
2000 Town Center Drive, Suite 900
Southfield, MI  48075
(248) 355-0300
lmikalonis@sommerspc.com