UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS, Ph.D, P.E.,                 Case No. 10-10660
an individual,                 Hon. Paul D. Borman
                Magistrate Virginia M. Morgan

    Plaintiff,

vs.

SIGMA-ALDRICH CORPORATION,
a Delaware corporation,
AFFYMETRIX, INC., a Delaware corporation,
successor to USB CORPORATION,
LIFE TECHNOLOGIES CORPORATION, a Delaware corporation,
successor to APPLIED BIOSYSTEMS INC.,

    Defendants.
_____/

**PLAINTIFF HAROLD JOSEPHS' RESPONSE TO
DEFENDANT SIGMA-ALDRICH CORPORATION'S MOTION TO (1) STRIKE THE FIRST
AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO SEVER AND
(2) TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404**

**INTRODUCTION**

Defendant Sigma-Aldrich Corporation's Motion to (1) Strike the First Amended Complaint, or in the Alternative, to Sever and (2) Transfer Venue Pursuant to 28 U.S.C. §1404 should be denied because the factors under § 1404(a) do not substantially weigh in favor of transfer. Defendant Sigma-Aldrich Corporation ("Sigma-Aldrich") conducts business in Michigan and currently has a contract with the University of Michigan. Moreover, Defendant's subsidiaries have retained salespersons within the State of Michigan to sell Defendant's products. Defendant has not denied that it sold the falsely market products within Michigan. The fact that Defendant is a global corporation with worldwide resources shows that Defendant will not be prejudiced in any way by litigating this case in the Eastern District of Michigan. Moreover, witnesses will not be inconvenienced if Defendant's motion is denied since

discovery will be conducted wherever the witnesses are located. For these reasons and the reasons stated below, Defendant's motion should be denied.

## ARGUMENT

### I. Plaintiff's Amended Complaint was Timely and Did Not Require Leave.

Plaintiff Harold Josephs was not required to seek leave from this Court or permission from Defendant before filing his First Amended Complaint because Plaintiff filed his First Amended Complaint prior to any responsive pleading (or motion) being filed. Fed. R. Civ. P. 15(a)(1). Rule 15 states that: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier." The notes to Rule 15(a)(1) state that the recent amendment was adopted it "to make three changes in the time allowed to make one amendment as a matter of course."

- First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f).

- Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading.

- Finally, amended Rule 15(a)(1) extends from 20 to 21 days the period to amend a pleading to which no responsive pleading is allowed.

Fed. R. of Civ. Proc. 15 Notes. Defendant concedes that no responsive pleading or Rule 12 motion had been filed at the time Plaintiff filed his First Amended Complaint. (Dkt. # 17 p. 13.) Yet Defendant concludes that Plaintiff cannot amend his Complaint even though the Rule specifically states that a party has until 21 days after a responsive pleading or motion is filed to amend a complaint without leave of the Court. Defendant's reading of the Rule does not make sense. Prior to the most recent amendments, Rule 15 stated that a party may amend its pleading as a matter of course "before being served with a

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

responsive pleading." The Rules Committee's goal in amending Rule 15 was to extend the time for permitting a party to amend a pleading as a matter of course; that is why the Committee noted the amendment was made so that "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading." Defendant's interpretation would prevent Plaintiff from amending a complaint <u>before</u> any responsive pleading is filed. This was certainly not the intent of the Rules Committee and Defendant cites to no case law that supports its interpretation. The cases cited by Defendant are inapposite since those cases dealt with untimely amendments that occurred <u>after</u> a responsive pleading or motion had been filed. *See Onyewuchi v. Gonzalez*, 2010 WL 967047 (D.D.C. Mar. 17, 2010) (motion for leave to amend after discovery had closed); *Sanchez v. GMAC Mortgage, LLC*, 2010 WL 520881 (E.D. Cal. Feb. 12, 2010) (failure to amend within 21 days after the defendant filed its 12(b)(6) motion). Because amendments to Rule 15 were intended to extend (and not to limit) the time for filing an amended pleading as a matter of course, Defendant's request for striking the First Amended Complaint should be denied.

    Realizing that its argument that Plaintiff improperly amended the complaint will likely fail, Defendant argues in the alternative, requesting that this Court sever the claims against Defendant. But this request should also be denied since severing the claims would lead to waste of judicial resources. Here, each defendant operates a similar business and falsely marked similar products that they manufactured are sold in competition with one another. The same plaintiff is pursuing the same federal statutory violation against each defendant. Instead of having multiple judges issue separate rulings on the federal false marking claims with similar damages issues, it is more economical for this Court to issue one ruling. Additionally, Defendant is not prejudiced in any way if this case proceeds with multiple defendants; and Defendant's silence regarding any putative prejudice underscores this point.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**II.     Defendant Fails to Carry Its Burden That The Factors Under §1404(a) Substantially Favor Transfer.**

Defendant has not demonstrated that the factors under § 1404(a) substantially favor transfer to the Eastern District of Missouri.  28 U.S.C. § 1404(a) provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"To determine whether to transfer a case, district courts should weigh in the balance a number of case-specific factors."  *Coupled Products, LLC v. Component Bar Products, Inc.*, 2010 WL 1141611 *4 (E.D. Mich. Mar. 24, 2010).  Specifically, there are nine factors for the Court to consider: 1) Plaintiff's choice of forum; 2) the convenience of the witnesses; 3) the location of relevant documents and relative ease of access to sources of proof; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with the governing law; 8) convenience of the parties; and 9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Id.*   There is a "strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."  *Id.*  "[T]he Sixth Circuit has noted that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed."  *Id.*  "Defendant bears the burden of demonstrating that fairness and practicality strongly favor the forum to which transfer is sought."  *Id.*  "Plaintiff's choice of forum is entitled to substantial deference."  *Id.*

A.     *Plaintiff's Choice of Forum Militates Against Transfer*

"Courts grant substantial deference to a plaintiff's chosen forum, especially where, as here, the plaintiff lives in his chosen jurisdiction."  *Thomas v. Home Depot, USA, Inc*., 131 F.Supp.2d 934, 937 (E.D. Mich. 2001).  Here, Plaintiff resides and works within this district.  Therefore, this factor militates against transfer.  Moreover, Defendant actively conducts business in this district.  For example,

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

Defendant "has been awarded a University of Michigan Contract for chemicals, biochemicals and other laboratory products for research and development, and other like applications as offered by Sigma-Aldrich."[1] Defendant owns a subsidiary that attempts to market its products in Michigan and has two salespersons located within the state of Michigan.

B. *Convenience of The Witnesses is a Neutral Factor*

There is only a slight possibility that any of the key witnesses located in St. Louis will be inconvenienced if the case is not transferred since discovery will be conducted where the witnesses are located. Trial is the only event that *might* require witnesses to travel to Michigan. But that putative burden can be minimized by presenting the witnesses' testimony via videotape deposition. *Levy v. City of Rio Grande*, 2004 WL 2847273 * 6 (N.D. Tex. Dec. 9, 2004) ("inconvenience to witnesses did not require transfer where movant failed to explain why it could not effectively present testimony by videotaped deposition."); *Orix Credit Alliance, Inc. v. Mid-South Materials Corp.,* 816 F.Supp. 230, 235 (S.D.N.Y. 1993) (same). Defendant has offered no explanation why witnesses located in Missouri have to be deposed in Michigan instead of Missouri. Therefore, this factor is neutral.

C. *Location of Documents and Access to Sources of Proof*

This factor is neutral since "patent litigation usually involves sources of proof that are readily convertible to an electronic medium." *Aloft Media, LLC v. Adobe Sys. Inc.*, 2008 WL 819956 *4 (E.D. Tex. Mar. 25, 2008.) "[T]he location of documents is of little consequence since they will almost certainly be produced electronically." *Id.* "Documents can be produced and examined anywhere." *Id.*

D. *Locus of Operative Facts*

Sigma-Aldrich intended to deceive Michigan customers; thus, this factor favors denial of transfer. As noted above, Defendant Sigma-Aldrich specifically markets its products in Michigan (*e.g.*,

---

[1] http://www.procurement.umich.edu/show_full_contract.php?target=69 (last visited on April 26, 2010).

contract with the University of Michigan). It even has salespersons within the State of Michigan. At this time, it is unknown to Plaintiff the total number of falsely marked products sold within the State of Michigan. But it is undisputed that Defendant has sold its products within Michigan.

Additionally, because this lawsuit involves patents, Missouri does not have any greater interest in this case than Michigan. "Patents are not local or state matters and therefore cannot give rise to a local controversy, or implicate local public policy." *Stratos Lightwave, Inc. v. E20 Comm., Inc.,* 2002 WL 500920 *2 (D. Del. 2002). *Jones Pharma, Inc. v. KV Parmaceutical Co*., 2004 WL 323109 *3 (D. Del. 2004) ("[R]ights relating to patents are not local or state matters."). The false-marking case that Defendant relies upon is irrelevant since the issue in that case was whether the plaintiff had filed suit in an improper venue. That case was transferred because it was in an improper venue. *ERBE USA, Inc. v. Canady*, 2006 WL 3377981 *2 (D.D.C. Nov. 21, 2006) (holding that venue was improper because none of the alleged wrongs occurred within the district).

E.  *Availability To Compel Attendance of Witnesses*

This factor is neutral because Sigma-Aldrich is a global company, and all of its key witnesses are *not* located in Missouri. Defendant is unable to identify any potential witness who will refuse to attend trial in Michigan. Even if a witness is not willing to attend trial, there is no reason why a videotape deposition testimony of that witness could not be presented. *Aloft*, 2008 WL 819956 *5 ("[W]itnesses in patent cases come from all over the country or world, and many of those witnesses are frequently unknown at this stage of the case. Thus, regardless of where the trial is held, many witnesses, including third-party witnesses, will likely need to travel a significant distance. [Therefore,] [i]f this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness' videotaped deposition at trial.")

6

F. *The Relative Means of the Parties*

Defendant is a global corporation with resources worldwide. Plaintiff is an individual. Contrary to Defendant's assertion Plaintiff will also bear the burden of litigation costs, more so than Defendant. Because Plaintiff is an individual, he does not have the resources to litigate this lawsuit far from home. On the other hand, Defendant can litigate this matter regardless of the venue. This factor militates against transfer.

G. *Familiarity With the Governing Law*

This factor is neutral since federal law is at issue.

H. *Convenience of the Parties*

This factor is neutral since discovery will be conducted where the witnesses are located. Defendant will not need to fly witnesses to Michigan.

I. *Trial Efficiency and Interests of Justice*

As Defendant points out, the most recent Federal Judicial Caseload Statistics show that this district is more efficient than the Eastern District of Missouri for a case to progress to trial, 21.5 months compare to 25.9 months. (Dkt #17 p. 25.) Defendant makes the bizarre argument that because it is located in Missouri, the interests of justice will be better served by transferring this lawsuit. Notably, Defendant does not cite to any case law that supports its assertion. If anything, this factor militates against transfer because this district is more efficient.

**CONCLUSION**

Because of the heavy emphasis placed on Plaintiff's choice of forum under the controlling law, the absence of local interest in the patent issues involved in this case and the fact that Defendant is a global corporation with worldwide resources, Defendant's motion should be denied.

7

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

*/s/ Lisa Rycus Mikalonis (P39485)*
Andrew J. Kochanowski (P55117)
Kevin J. Stoops (P64371)
Henri O. Harmon (P70151)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

Dated:  April 29, 2010

## PROOF OF SERVICE

I certify that on April 29, 2010, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Carolyn Bell Harbin, Robert C.J. Tuttle, Herschel P. Fink, Stephen C. Holmes and David M. Hayes.

I certify that on April 29, 2010, I served the foregoing paper via electronic mail upon the following non-ECF participants:

Robert W. Unikel
HOWREY, LLP
unikelr@howrey.com

*/s/ Lisa Rycus Mikalonis (P39485)*
Sommers Schwartz, P.C.
2000 Town Center Drive, Suite 900
Southfield, MI  48075
(248) 355-0300
lmikalonis@sommerspc.com