UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS,

      Plaintiff,                      CIVIL ACTION NO. 10-10660

    v.                               DISTRICT JUDGE PAUL D. BORMAN

SIGMA-ALDRICH CORPORATION,    MAGISTRATE JUDGE VIRGINIA MORGAN

      Defendant,
.
_____/

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

This is a *qui tam* lawsuit to enforce the policy underlying the false marking statute, 35 U.S.C. §292. The matter comes before the court on defendant's Motion to Strike the First Amended Complaint, or in the alternative, to Sever and Transfer Venue Pursuant to 28 U.S.C. § 1404 (D/E #17). Plaintiff filed a response in opposition to that motion (D/E #24) and defendant filed a reply to the response (D/E #29). On May 17, 2010, this court heard oral arguments with respect the motion and, in a previous order, the court granted the portion of defendant's motion requesting that the amended complaint be stricken. For the reasons discussed below, the court also recommends that defendant's request to transfer be **GRANTED** and that this case be transferred to the United States District Court for the Eastern District of Missouri.

A court may transfer an action under 28 U.S.C. § 1404(a) as long as "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and

-1-

(3) a transfer is in the convenience of the witnesses and parties." Kepler v. ITT Sheraton Corp., 860 F.Supp. 393, 398 (E.D. Mich.1994) (Gadola, J.)  Here, the parties agree that this case could have been brought in the Eastern District of Missouri and they only dispute the second and third criteria.

In analyzing the second and third criteria, courts consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

IFL Group v. World Wide Flight Services, 306 F.Supp.2d 709, 712 (E.D. Mich.2004) (Gadola, J.) (citing Overland, Inc. v. Taylor, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000) (Gadola, J.)). Defendant bears the burden to show that a venue transfer is appropriate and "mere assertions or speculation, without evidence, are insufficient to meet this burden." Id. at 714.  The burden is a heavy one, and requires the moving party to show that the balance of factors weighs strongly in favor of transfer. Steelcase, Inc. v. Smart Techs, Inc., 336 F.Supp.2d 714, 719 (W.D. Mich. 2004) (Quist, J.).

Here, this court finds that defendant has met its burden of demonstrating that a venue transfer is appropriate.  The convenience of witnesses, the location of relevant documents, the relative ease of access to sources of proof and the locus of operative facts, all favor a transfer. This action arises under the false marking statute, 35 U.S.C. §292 and the evidence in the record suggests that all of the key witnesses and evidence resides in the St. Louis, Missouri, where

defendant's principal place of business is located. While plaintiff correctly notes that the location of documentary evidence is a minor consideration, see Audi AG and Volkswagon of America, Inc. v. D'Amato, 341 F.Supp.2d 734, 751 (E.D. Mich. 2004) (Borman, J.) (internal quotations and citation omitted), to the extent there is physical evidence that evidence will reside in St. Louis. A fundamental principle guiding this balancing test is that litigation should proceed in the place where the case finds its center of gravity. Audi AG, 341 F.Supp.2d at 751.

Similarly, the convenience of the parties strongly favors a transfer. Section 1404(a) provides for transfer of venue to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, Van Dusen v. Barrack, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and a transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. Sullivan v. Tribley, 602 F.Supp.2d 795, 800 (E.D. Mich. 2009) (Lawson, J.). Here, plaintiff is a *qui tam* plaintiff and he was not personally injured or involved in the alleged false marking. Defendants, on the other hand, are intimately involved in the claims and its principal place of business, as well as its witnesses and documents, are located in Missouri.

Additionally, the availability of process to compel the attendance of unwilling witnesses also weighs in favor of a transfer. The only potential witnesses identified by the parties at this early stage of litigation are the employees and former employees of defendant, all of whom appear to reside in the St. Louis area. To the extent former employees of defendant who still reside in the St. Louis area need to be subpoenaed, this court could not issue, quash, modify or rule on those subpoenas. Fed. R. Civ. P. 45(c)(3).

This court would also note that this case is governed by federal law, which the federal courts in Missouri are just as familiar with as the courts here, and that Missouri's interests in this matter appear, at the very least, to be equal to that of Michigan's given the involvement of defendant in alleged actions and the *qui tam* status of plaintiff.  Plaintiff argues that people in Michigan were potentially harmed by the alleged false marking, but that is true of everywhere.

Plaintiff chose this forum and, typically, courts give "great weight" to a plaintiff's choice of forum. HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n. 2 (Fed. Cir. 1999).  However, for the reasons and totality of the circumstances discussed above, the trial efficiency and the interests of justice in this case favor a transfer to the Eastern District of Missouri.

For the reasons stated above, the court recommends that defendant's request to transfer venue be **GRANTED** and that this case be transferred to the United States District Court for the Eastern District of Missouri.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

          S/Virginia M. Morgan
          Virginia M. Morgan
          United States Magistrate Judge

Dated: May 21, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 21, 2010.

          s/Jane Johnson
          Case Manager to
          Magistrate Judge Virginia M. Morgan