UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS,

      Plaintiff,                        CIVIL ACTION NO. 10-10660

     v.                                DISTRICT JUDGE PAUL D. BORMAN

SIGMA-ALDRICH CORPORATION,    MAGISTRATE JUDGE VIRGINIA MORGAN

      Defendant,
.
_____/

## ORDER
## STRIKING THE AMENDED COMPLAINT
## AND STAYING DISCOVERY

This is a *qui tam* lawsuit to enforce the policy underlying the false marking statute, 35 U.S.C. §292.  The matter comes before the court on defendant's Motion to Stay Proceedings (D/E #14) and defendant's Motion to Strike the First Amended Complaint, or in the alternative, to Sever and Transfer Venue Pursuant to 28 U.S.C. § 1404 (D/E #17).  Plaintiff filed responses in opposition to those motions (D/E #23, #24) and defendant filed replies to the responses (D/E #28, #29).  On May 17, 2010, this court heard oral arguments with respect the motions and, for the reasons below at that hearing, this court orders that defendant's motions be **GRANTED**, that discovery be stayed while defendant's motion to transfer is pending, and that the amended complaint stricken.

**Defendant's Motion to Stay Proceedings (D/E #14)**

In defendant's motion to stay proceedings (D/E #14), defendant seeks an order staying discovery while defendant's motion is pending. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. In this case, a stay of discovery will best conserve the resources of counsel, the litigants and the court given the early stage of the case and the motion to transfer pending before the court. Plaintiff will not suffer any undue prejudice by the stay and, in making this determination, the court would note that it will be recommending that the case be transferred.

**Defendant's Motion to Strike the First Amended Complaint, or in the alternative, to Sever and Transfer Venue Pursuant to 28 U.S.C. § 1404 (D/E #17)**

In defendant's Motion to Strike the First Amended Complaint, or in the alternative, to Sever and Transfer Venue Pursuant to 28 U.S.C. § 1404 (D/E #17), defendant first seeks an order striking plaintiff's amended complaint as untimely. Plaintiff filed his complaint on February 16, 2010 (D/E #1) and, pursuant to a stipulation entered by the parties (D/E #9), defendant had until April 11, 2010 to file its answer. Prior to the deadline for filing the answer, plaintiff filed a purported amended complaint on April 5, 2010 (D/E #11). In that amended complaint, plaintiff added two new parties; Affymetrix, Inc. and Life Technologies Corporation. Plaintiff did not seek the leave of the court or the written permission of defendant before filing that amended complaint.

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may only amend its pleading as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, plaintiff's purported amended complaint was filed more than twenty-one days after the complaint was served and no responsive pleadings have been served. Therefore, under the plain language of Fed. R. Civ. P. 15(a)(1), plaintiff cannot amend his complaint as a matter of course and he must have the leave of the court or the written consent of defendant in order to amend his complaint. Plaintiff did not seek the leave of the court or the written permission of defendant before filing his amended complaint and, therefore, it should be stricken.

Given the court's decision to strike the amended complaint, defendant's request to sever the claims against it from the purported new defendants is moot. However, this court would still note that, if the amended complaint had been properly filed, the claims against defendant should be severed from any claims against the purported new defendants. Pursuant to Fed. R. Civ. P. 20(a)(2), a plaintiff may join defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. "Accordingly, 'a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional

-3-

defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.'" Proctor v. Applegate, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009) (Borman, J.) (quoting Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, *3 (D. N.J. May 14, 2008) (Martini, J.)). See also Nali v. Michigan Dep't of Corrections, No. 07-10831, 2007 WL 4465247 (E.D. Mich. December 18, 2007) (Tarnow, J.) (holding that, for a plaintiff's claims against multiple defendants to be properly joined, they must satisfy both requirements set forth in Rule 20(a): (1) there must be a right to relief arising out of the same transaction or occurrence, and (2) there must be a question of law or fact common to all defendants.). Fed. R. Civ. P. 21 also provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

 Here, defendant argues that the claims against it should be severed from the claims against the purported new defendants and, while plaintiff's claims against defendant and the purported new defendants arise from the same law, there are simply no allegations that the defendants are connected or that they were involved in any transaction, occurrence, or series of transactions or occurrences. Plaintiff argues that any request to sever should be denied because severing the claims would lead to waste of judicial resources, but such an argument ignores the clear language and requirements of Fed. R. Civ. P. 20(a)(2). Therefore, even if the amended complaint had been properly filed without the leave of the court or the written permission of the defendant, the parties would have been misjoined and, pursuant to Fed. R. Civ. P. 21, this court

would order that the claims against defendant be severed from any claims against the new defendants.[1]

**SO ORDERED**.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: May 21, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 21, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan

---

[1] This court would also note that defendant's motion also contained a request to transfer venue pursuant to 28 U.S.C. § 1404. That request will be addressed in a separate report and recommendation.